```
                                                              FILED
                                                        U.S. DISTRICT COURT
         IN THE UNITED STATES DISTRICT COURT          EASTERN DISTRICT ARKANSAS
              EASTERN DISTRICT OF ARKANSAS
                     CENTRAL DIVISION                      NOV 16 2021

                                                        TAMMY H. DOWNS, CLERK
                                                      By:_____
                                                                    DEP CLERK
DERRICK WILSON                                               PLAINTIFF


VS.                              CASE NO. 4:21-cv-1102-LPR

                                 This case assigned to District Judge Rudofsky
                                 and to Magistrate Judge Ray
GROVE US, LLC and
MANITOWOC RE-MANUFACTURING, LLC                              DEFENDANT
```

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), 42 U.S.C.S. § 12101 (American with Disabilities Act), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff Derrick Wilson, has been subjected to on account of his race and disability. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658)

1

2. The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.
Parties

3. The plaintiff, Derrick Wilson, is an African American male, and is a resident of the United States of America.

4. The Defendant Grove US, LLC, is a foreign for-profit corporation, and is licensed to do business in the State of Arkansas operating as a manufacturer of cranes and boom trucks for the construction, energy, and infrastructure industries.

5. The defendant Grove US, LLC (hereinafter referred to as Grove) is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

6. The Agent for Service of Process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

7. Manitowoc Re-Manufacturing, LLC, is a foreign for-profit corporation, and is licensed to do business in the State of Arkansas operating as a manufacturer of cranes and boom trucks for the construction, energy, and infrastructure industries.

8. The defendant Manitowoc Re-Manufacturing, LLC, (hereinafter referred to as Manitowoc) is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

9. The Agent for Service of Process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

III.
Facts

10. The plaintiff went to work for either Grove or Manitowoc as a temporary employee in March 2020 as a Painter, working through a temporary agency.

11. The defendants operate two (2) U. S. based manufacturing facilities, with one in Bauxite, Arkansas, as well as having numerous other production locations throughout the world.

12. The defendant's Bauxite, Arkansas facility, where the plaintiff works, is a remanufacturing plant that is focused on the Company's equipment refurbishment services.

13. Despite the fact that the painter's position is a physically demanding job, the plaintiff was able to perform his job duties in an exemplary fashion.

14. Due to the fact that the plaintiff was a "solid performer" in his job duties as a painter for either Grove or Manitowoc, the plaintiff was hired by the defendants as a full-time painter in July 2020.

15. The plaintiff's job duties consisted of painting cranes.

16. The plaintiff is from the State of Washington, and inquired about the job with either Grove or Manitowoc *via* telephone, and was offered the job over the phone.

17. When the plaintiff arrived in Arkansas, he met with a Paul Green, who appeared to be astonished that Mr. Wilson was African American.[1]

18. Upon information and belief, Mr. Green serves as the Shop Manager for the defendants' Bauxite, Arkansas facility.

19. Upon meeting Mr. Green, the plaintiff handed Mr. Green the plaintiff's portfolio, which was extensive, and it demonstrated his vast experience as a painter.

20. The plaintiff showed Mr. Green all of his certificates, but he just simply looked at them, and cast them aside.

21. Mr. Green told the plaintiff that if he did good for the 90-day probation period, he would be hired on a full-time basis making $22.00 per hour.

---

[1] Mr. Wilson has been told numerous times by individuals that he sounds like a Caucasian person over the telephone.

22. However, Mr. Wilson believed that based on his experience, he should have been paid $25.00 per hour at the end of his probation period.

23. Nevertheless, Mr. Wilson went to work for the defendants.

24. When Mr. Wilson was hired by the defendants, he was the only African American working at the Bauxite facility.

25. At the end of the 90-day probation period, a painter's position was available, and the plaintiff went on-line to apply for the position; however, Paul Green did not hire him for the position.

26. Also, despite the fact that Mr. Green told the plaintiff that if he did good, he would get a raise to the $22.00 per hour, Green told him that he could not get a raise due to COVID-19. Mr. Wilson was given a slight increase to $18.09 per hour.

27. During the time that Mr. Wilson worked for the defendant, he was forced to work in substandard and unsafe equipment, while his white counter-parts were given new and modern equipment that was safe to work int.

28. Mr. Wilson was forced to work in a temporary paper helmet, that had an air-hose attached to an oxygen tank that was some distance away.

29. The plaintiff having to work with these temporary helmets, with these heavy air hoses, made his work as a painter difficult and dangerous, having a high risk of causing physical injury.

30. The plaintiff often complained about having to work with substandard equipment, while his white counterparts were allowed to work with safe and modern equipment, but Paul Green was not receptive to the plaintiff's concerns.

31. The paper hoods that the plaintiff was forced to work in, often got holes in them, and the plaintiff was forced to re-use these paper hoods, despite the intended use of them was only one time.

32. The plaintiff's white counterparts were allowed to work in the wireless air mask with air packs attached, which was easier and safer to work in.

33. Paul Green subjected the plaintiff to hostility due to his race.

34. On one occasion, Mr. Green grabbed an umbrella, and struck the plaintiff on the led real hard, causing pain, for no apparent reason other than the plaintiff's race.

35. On another occasion, Mr. Green grabbed the plaintiff by his arm, and swung him around, causing the plaintiff's arm to hit an object real hard, which resulted in a gash to his arm, causing it to bleed. Again, the only reason why the plaintiff was being treated in this fashion was due to his race.

36. The plaintiff never witnessed Mr. Green treating any other workers in this fashion; again, the plaintiff was the only African American working at the Bauxite facility.

37. Paul Green also told the plaintiff that he was not allowed to work through a particular door, that everyone else was allowed to use.

38. Also, Paul Green often told the plaintiff that when he finishes eating, he has to wipe down his table, clean up. Mr. Wilson is the only person who is given these instructions to clean up and wipe down.

39. Throughout August, September, October, and November 2020, the plaintiff kept asking about getting the proper safety gear such as hard helmet, wireless air hose, but was kept being tolt that it was not in the budget.

40. On November 18, 2020, the plaintiff suffered an on-the-job injury, injuring his back, knee, and shoulder.

41. The plaintiff was placed on work restrictions by his doctor, "no kneeling, squatting, pushing/pulling, bending, no running or operating machinery."

42. Since the plaintiff's injury, he has been relegated to sit at a desk, filing papers for a little while, but with nothing to do.

43. The plaintiff has continued to be harassed by Paul Green.

44. The plaintiff has requested to perform some of is job duties, with reasonable accommodations, but have not been granted this request.

45. The plaintiff ultimately had surgery on February 21, 2021 due to his injury, and was off work for about a month.

46. The plaintiff is forced to walk long distances, when the defendants know that this causes the plaintiff tremendous pain.

47. Although the plaintiff was promised a pay increase at the end of his 90-day probation period, he was not given a raise.

48. Eric Walker is a Caucasian painter as the plaintiff.

49. When Mr. Walker was wanting a raise, and but was initially denied, he threatened to quit his job, and Mr. Green was able to get Mr. Walker his raise.

IV.
Disparate Treatment – Race

50. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 49, supra., inclusive as though set forth herein word for word.

51. The plaintiff was subjected to disparate treatment on account of his race in that similarly situated white employees received more favorable treatment on account of their race than the plaintiff was afforded.

52. White employees who were similarly situated as the plaintiff was allowed to work in safer and more modern equipment, while the plaintiff was forced to work in unsafe and substandard equipment.

53. White employees who were similarly situated as the plaintiff were given pay increases, while the plaintiff was not.

54. Upon information and belief, while the plaintiff was off due to medical reasons, the defendants hired a white male employee, and this employee was allowed to make significantly more than the plaintiff, and he was given the proper equipment to work in such as the hard hood, with a wireless air pack system, which is something that the plaintiff has constantly requested, but was denied.

55. Also, similarly situated white employees were not subjected to the type of hostility that the plaintiff was subjected to, on account of his race.

56. The plaintiff was subjected to the above-mentioned acts of disparate treatment all on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

57. Furthermore, the plaintiff has been subjected to less favorable terms and conditions of her employment contract with the defendant on account of her race, in violation of 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

## V.
## ADA Disability Claim

58. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 57, supra., inclusive as though set forth herein word for word.

59. On November 18, 2020, the plaintiff suffered an on-the-job injury that resulted in him injuring his back, shoulder, and knee.

60. The plaintiff became disabled within the meaning of the Americans with Disability Act (ADA).

61. The plaintiff advised his employer that despite his disability, he was still able to perform the essential functions of his job, but that he needed reasonable accommodations.

62. The defendants denied the plaintiff's requests for reasonable accommodations.

63. Furthermore, the defendants did not engage in an interactive process with the plaintiff, despite the plaintiff requesting a reasonable accommodation for his disability.

64. Although the defendants could have made a reasonable accommodation for the plaintiff, it did not make a good faith effort to do so.

65. Rather than engaging in the interactive process with the plaintiff to find a reasonable accommodation, the defendants hired a Caucasian employee to fill the plaintiff's job.

66. Also, rather than engaging in the interactive process with the plaintiff, the defendant simply placed the plaintiff in a small area, that can best be described as a hole, and gave the plaintiff little if no work to perform.

## VI.
## Procedural Requirement

67. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 66, supra., inclusive as though set forth herein word for word.

68. On January 26, 2021, the plaintiff filed a Charge of Discrimination (No. 493-2021-00600) with the Equal Employment Opportunity Commission (EEOC), contending that he had been discriminated against in terms and conditions of his employment with the defendant, when he was subjected to disparate treatment on account of his race and disability in violation of Title VII of the Civil Rights Act of 1964 (as amended) and in violation of the American with Disabilities Act (ADA). **(See Charge of Discrimination attached herein as Plaintiff's Exhibit "A")**.

69. In response to the plaintiff's Charge of Discrimination that he filed with the EEOC, said agency issued a "Notice of Right to Sue" letter dated August 18, 2021, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date he received the above-mentioned letter. **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B")**.

70. The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Right to Sue" letter.

## VII.
## Damages

71. The plaintiff incorporates by reference the allegations contained in paragraphs 1-70 of the plaintiff's complaint, and adopts each as if set out herein word for word.

72. As a direct and proximate cause of the discriminatory practices that the defendants subjected the plaintiff to on account of his race and disability the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

73. Furthermore, due to the discriminatory acts of the defendants, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

74. Furthermore, the defendants' acts of discriminating against the plaintiff due to his race and disability, were committed with malice or in complete disregards towards the plaintiff's federally protected rights that an award of punitive damages is warranted.

## JURY DEMAND

75. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race, sex, age, and disability;

b. reinstatement and back pay;

c. compensatory and punitive damages;

d. attorney's fees;

e. the cost of prosecuting this action;

f. and for all other equitable, legal, and just relief.

Respectfully submitted,

*[signature]*

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

Dated: November 16, 2021.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2021-00600 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**MR. DERRICK WILSON** | Home Phone<br>**(360) 998-7771** | Year of Birth<br>**1974** |
|---|---|---|

Street Address                          City, State and ZIP Code
**5307 SOUTHBORO CT   APT#2, LITTLE ROCK, AR 72209**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**MANITOWOC CRAINS** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(717) 593-2127** |
|---|---|---|

Street Address                          City, State and ZIP Code
**16013 W SARDIS RD, BAUXITE, AR 72011**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **07-01-2020**   Latest: **01-20-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In April 2020, I was hired through a temporary agency as a Painter. In July 2020, I was hired as a full-time employee and promised a pay raise that I have not received. My job was threatened when I spoke with human resources about benefit issues. On November 18, 2020, I sustained an injury and reported to the work health doctor, and the Emergency Room. I reported the health concerns to the doctor and was informed that my issues were caused from the workplace. I have complained about safety issues in the workplace on several occasions with nothing being done.  On November 20, 2020, I returned to work with the restrictions of no kneeling, squatting, pushing/pulling, bending, no running or operating machinery. Since November 2020, I have been harassed by my supervisor for injuries sustained in the workplace and denied a reasonable accommodation.

My supervisor told me to come to him before going to human resources. My supervisor yelled at me and instructed me to get paperwork. Further, my supervisor has made several comments that he does not believe I am injured. I have been placed at a desk filing papers.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Derrick Wilson on 01-26-2021 07:27 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**PLAINTIFF'S EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**493-2021-00600** |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

**I believe I was denied a pay increase because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and denied reasonable accommodation and harassed because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Derrick Wilson on 01-26-2021 07:27 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Derrick Wilson
5307 Southboro Ct Apt#2
Little Rock, AR 72209

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2021-00600 | Brittney Wilkerson, Investigator | (501) 900-6131 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     William A. Cash, Jr., Area Office Director     August 18, 2021 *(Date Issued)*

cc:
Daniel Kaplan
Attorney
FOLEY & LARDNER LLP
150 E Gilman St
Ste 5000
Madison, WI 53703

Katelynn Williams
Foley & Lardner LLP
150 E GILMAN ST
STE 5000
Madison, WI 53703



PLAINTIFF'S EXHIBIT B