IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRICK WILSON                                                                                          PLAINTIFF

VS.                                        CASE NO. 4:21-CV-01102 LPR

GROVE US, LLC and
MANITOWOC RE-MANUFACTURING, LLC                                              DEFENDANT

PROTECTIVE ORDER

On this 15th day of December 2022, the Court reviewed the Defendant's Motion for Protective Order, and makes the following Orders:

1.     Confidential Information, as later defined herein, and obtained by either party in this action, shall be used only for the purpose of this litigation and for no other purposes whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined. In the event that any confidential information and/or documents subject to this Order are used in any court proceeding in this litigation, it shall not lose its confidential status through such use, and the party using such confidential material shall take all reasonable steps to maintain its confidentiality during such use.

2.     Confidential Information shall be deemed to include, without limitation: personnel files, financial and payroll information, propriety information, and other information agreed upon by the parties or deemed by the Court to be confidential in nature. The parties will designate this information as "Confidential Information" with the method of designation set forth in the letter of transmittal. If either party disputes that the designated information is confidential, the producing

party shall file a Rule 26(c) motion, pursuant to the Federal Rules of Civil Procedure, demonstrating good cause as to why the information should be designated as confidential.

3. Except with the prior written consent, or pursuant to further order of this Court on motion with notice to the opposing party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, employees of counsel for the Parties (to the extent necessary), employees of Defendant involved in the defense of this action, experts, witnesses who testify at trial or at any deposition in this lawsuit, court reporters, and other court personnel.

4. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

    a) Upon request by Defendant, Plaintiff (or their counsel) shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

    b) Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

Further, all "confidential" information protected by this Order which has been placed in any computer database shall be completely erased, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period. This paragraph does not require the return or destruction of any motions, briefs, or other items filed with the Court that may contain, reference, or summarize confidential information.

5.  This Order shall not be modified, vacated, suspended, appealed, or otherwise altered without further order of the Court. Use of any confidential materials subject to this Order in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order. The Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit. Any violation of this Order by any person subject to its terms may result in the imposition of sanctions against the violator, the party by whom the violator is employed, or both.

6.  Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

8.  Material designated as confidential under this Order, the information contained in the material, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

9.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. Issues of use or admissibility at trial shall be determined by the Court at that time.

10. Should any information designated as confidential material be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the party that designated the documents as confidential; and (c) request such person to sign an acknowledgment that they have received and read this Order and

agree to be bound by the terms hereof. The acknowledgement shall promptly be served upon the party designating the document as confidential material.

11. Any party desiring to file a document under seal, or requesting that a document or documents be filed under seal, must first obtain leave from the court in order to file the document under seal, or to require that the document or documents be filed under seal. It shall be within the sole discretion of the court to determine whether said document or documents must be filed under seal. Similarly, the trial will not be closed nor the trial transcript redacted unless the Court orders it on motion of a party at an appropriate time before or during trial.

12. Plaintiff's current counsel shall explain to Plaintiff the terms of this Protective Order, including the requirements and restrictions they must observe.

IT IS SO ORDERED.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

| | |
|---|---|
| */s/ Austin Porter Jr.* | */s/ Katelynn M. Williams* |
| Austin Porter Jr., No. 86145 | Katelynn M. Williams (pro hac vice) |
| PORTER LAW FIRM | Daniel A. Kaplan (pro hac vice) |
| 323 Center Street, Suite 1035 | FOLEY & LARDNER LLP |
| Little Rock, Arkansas 72201 | 150 East Gilman Street, Suite 5000 |
| Telephone: 501-244-8200 | Madison, Wisconsin 53703-1482 |
| Facsimile: 501-327-5567 | Telephone: 608-258-4286 |
| Email: Aporte5640@aol.com | Facsimile: 608-258-4258 |
| | Email: kmwilliams@foley.com |
| | |
| | **Audra Hamilton** |
| | AR Bar Number 96202 |
| | *Attorney for Grove US, LLC and Manitowoc Re-Manufacturing, LLC* |
| | Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C. |
| | 425 W. Capitol Ave., Suite 1800 |
| | Little Rock, AR 72201 |
| | Telephone: 501-688-8800 |
| | Email: ahamilton@mwlaw.com |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |